UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TARA L. TURLEY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:17-cv-02197-ACA |
| } | |
| SOCIAL SECURITY } | |
| ADMINISTRATION, } | |
| COMMISSIONER, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Tara L. Turley appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

Ms. Turley applied for a period of disability and disability insurance benefits on November 1, 2014. (R. 28, 141, 233-241). Ms. Turley alleges that her disability began on October 13, 2014. (R. 28, 141). The Commissioner initially denied Ms. Turley's claim on January 21, 2015. (R. 169-173). Ms. Turley requested a hearing before an Administrative Law Judge (ALJ). (R. 167-168).

After holding a hearing, the ALJ issued an unfavorable decision on January 31, 2017. (R. 25-37). On October 31, 2017, the Appeals Council declined Ms. Turley's request for review (R. 1), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (internal quotations and citation omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam) (internal quotation marks and citation omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Turley has not engaged in substantial gainful activity since October 13, 2014, the alleged onset date. (R. 30). The ALJ found that Ms. Turley has the following severe impairments: trigeminal neuralgia, depression, migraine headaches, cervical radiculopathy, and obesity. (R. 30). The ALJ then concluded that Ms. Turley does not suffer from an impairment or

combination of impairments that meets or medically equals the severity of one of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 32).

After considering the evidence of record, the ALJ determined that Ms. Turley has the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except: lift 20 pounds occasionally and 10 pounds frequently; sit at least 6 hours in an 8-hour workday; stand and walk, in combination, no more than 6 hours in an 8-hour workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolding; occasionally balance, stoop, kneel, crouch, and crawl; avoid work at unprotected heights and moving mechanical parts; occasional exposure to weather, humidity, wetness, extreme heat, extreme cold, and vibration; and perform simple and routine tasks, involving occasional contact with the general public.

(R. 33). Based on this RFC, the ALJ found that Ms. Turley cannot perform her past relevant work as a medical transcriptionist or editor/proofreader. (R. 35-36).

Relying on testimony from a vocational expert, the ALJ concluded that jobs exist in the national economy that Ms. Turley can perform, including routing clerk, night cleaner, and assembler. (R. 36-37). Accordingly, the ALJ determined that Ms. Turley has not been under a disability as defined in the Social Security Act, from October 13, 2014, through the date of the decision. (R. 37).

## IV. DISCUSSION

Ms. Turley argues that the court should reverse and remand the Commissioner's decision for three reasons: (1) the ALJ did not properly evaluate the opinion of treating physician Dr. Smitha Persaud; (2) the Appeals Council did

not properly evaluate new evidence that Ms. Turley submitted in support of her claim; and (3) the ALJ's RFC assessment is conclusory and violates Social Security Ruling 96-8p. The court addresses each argument in turn.

### A. The ALJ Properly Evaluated Dr. Persaud's Opinion

An ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241; alteration in *Winschel*).

The record contains a letter that Dr. Persaud signed on October 13, 2016. (Doc. 758). The letter states, in relevant part:

> I am writing this letter concerning my patient, Tara Turley. Mrs. Turley is currently under my care for the treatment of chronic refractory migraine headaches and intractable trigeminal neuralgia. Some associated symptoms of her migraine headaches include nausea, vomiting and sensitivity to light, sound, and smell. As a result of trigeminal neuralgia, Mrs. Turley also has a persistent burning sensation and intermittent sharp, stabbing pains that originate in her left cheek and spread to the temporal area. She may

>experience tearing of the left eye as well. Her trigeminal neuralgia also flares up with certain activities such as talking, chewing, brushing her teeth, activities causing exertion and with exposure to cold temperatures. I currently have her on a combination of treatments to help prevent and dull the migraines and neuralgia, however, these treatments do not completely resolve the issue and is often trial and error. She has already tried and failed multiple medications.
>
>. . .

(R. 758).

The ALJ stated that she considered but gave little weight to this statement because Dr. Persaud's opinion that Ms. Turley's migraines are intractable "is not supported by the weight of the evidence, including neurological treatment records, that establishes that [the migraines] are amenable to medication and <u>are not</u> intractable." (R. 35) (emphasis in original).

Ms. Turley argues that the ALJ did not properly evaluate Dr. Persaud's opinion because the opinion is based on, and presumably supported by, Dr. Persaud's treatment of Ms. Turley from September 23, 2015 through October 13, 2016. (Doc. 15 at 25, citing R. 521-527, 641-644). But, as the ALJ recognized, these treatment notes demonstrate that Ms. Turley's migraines and neurological pain improved with treatment. For example, on September 23, 2015, Dr. Persaud stated that Ms. Turley benefitted "from one round of Botox," and she believed that Ms. Turley would benefit from continued treatment. (R. 527). On January 21, 2016, Dr. Persaud noted that Ms. Turley reported "great improvement in migraines

with Botox. Migraines reduced from daily down to 15 or less per month and were much less severe than prior to Botox. Migraines also responded much better to Imitrex." (R. 522). As of January 21, 2016, Botox had not helped Ms. Turley's trigeminal neuralgia, but Dr. Persaud stated that Norco had helped severe flare-ups of her trigeminal neuralgia, and Dr. Persaud transferred oversight of Ms. Turley's Norco prescription to the pain clinic. (*Id.*).

By April 21, 2016, Ms. Turley saw additional improvement after another Botox treatment, and she reported that she averaged only six migraines per month, and Dr. Persaud noted that a trigeminal block from the pain center had "helped some." (R. 643). On July 20, 2016, Dr. Persaud explained that Ms. Turley's migraines and trigeminal neuralgia had improved since starting Botox. (R. 641).

Based on this evidence, the court finds that the ALJ clearly articulated good cause for giving Dr. Persaud's opinion little weight. *See e.g., Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) ("The ALJ found [the treating physician's] opinion inconsistent with the medical records and other evidence, and gave it less weight on that basis. Because the ALJ's rationale was adequate, we will not disturb the credibility determination."); *Crawford*, 363 F.3d at 1159-61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those physicians'

7

opinions regarding the claimant's disability were inconsistent with the physicians' treatment notes and unsupported by the medical evidence).

### B. *New Evidence Submitted to the Appeals Council*

"'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council must review evidence that is new, material, and chronologically relevant. *Ingram*, 496 F.3d at 1261. The court reviews *de novo* whether supplemental evidence is new, material, and chronologically relevant. *Washington*, 806 F.3d at 1321.

#### *1. Evidence that Pre-Dates the ALJ's Decision*

After the ALJ issued her decision, Ms. Turley submitted to the Appeals Council additional evidence that pre-dates the ALJ's decision. This evidence includes: (1) treatment notes from Southern Cardiovascular Associates, dated September 15, 2016 to October 13, 2016; (2) treatment notes from Anniston Medical Clinic Office, dated October 3, 2016 to January 30, 2017; (3) treatment notes from Tennessee Valley Pain Consultants, dated October 17, 2016 to December 12, 2016; (4) treatment notes from Dr. Lianke Mu, dated January 20,

2017 to January 31, 2017; and (5) treatment notes from Dr. Persaud, dated October 11, 2016 to January 4, 2017.  (R. 45-66, 78-109, 119-122).

The Appeals Council "did not consider and exhibit" this evidence because it found the "evidence does not show a reasonable probability that it would change the outcome of the decision."  (R. 2).  Ms. Turley's sole challenge regarding the Appeals Council's treatment of this evidence is that the Appeals Council did not "show in its written denial that it ha[d] adequately evaluated the new evidence." (Doc. 15 at 26, citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). According to Ms. Turley, the Appeal Council's review of her additional pre-decision evidence was "purely conclusory" and "epitomizes 'perfunctory adherence' to the ALJ[']s decision."  (Doc. 15 at 28).  Ms. Turley's argument is not persuasive.

Where the Appeals Council considers new evidence but declines a claimant's request for review, the Appeals Council is not required "to provide a detailed discussion of a claimant's new evidence."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782-83 (11th Cir. 2014).  The court recognizes that *Mitchell's* holding contemplates that the Appeals Council actually considers new evidence that a claimant submits and still denies review.  In this case, the Appeals Council stated that it did not consider the new evidence that pre-dates the ALJ's decision.  (*See* R. 2).  However, Ms. Turley does not challenge the Appeals

9

Council's failure to consider this evidence. (*See generally* Doc. 15 at 25-28). In fact, Ms. Turley states that the Appeals Council "claims to have considered the new evidence," (doc. 15 at 28), and the court will not make arguments on Ms. Turley's behalf. Therefore, even though the record reflects that the Appeals Council did not consider the new evidence that pre-dates the ALJ's decision, the court finds that *Mitchell* controls the analysis here based on the limited nature of Ms. Turley's objection. Accordingly, the court finds that the Appeals Council was not required to offer a more detailed explanation for why the new evidence that pre-dates the ALJ's decision does not change the outcome of the case.

### 2. *Evidence that Post-Dates the ALJ's Decision*

Ms. Turley also submitted to the Appeals Council new evidence that post-dates the ALJ's decision. This evidence includes: (1) treatment notes from Tennessee Valley Pain Consultants, dated February 9, 2017 to April 6, 2017; (2) treatments notes from Anniston Medical Clinic Office, dated March 27, 2017 to April 11, 2017; and (3) a treatment note from Dr. Persaud, dated April 3, 2017. (R. 43-44, 69-77, 111-118). The Appeals Council did not consider this evidence because the Appeals Council held that the evidence was not chronologically relevant. (R. 2).

The court finds that Ms. Turley has abandoned her argument with respect to the Appeals Council's failure to consider this evidence. "[A] legal claim or

argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Ms. Turley's brief expressly identifies an argument that the Appeals Council failed to review new, material, and chronologically relevant post-decision submissions. The summary of the ALJ's purported errors and law (doc. 15 at 2) and one numbered section of her brief (*id.* at 28-32) state that she is challenging the Appeals Council's failure to consider the new evidence. But the brief does nothing more.

In the section of her brief about the Appeals Council's failure to consider post-decision evidence, Ms. Turley cites from the relevant portion of the Appeals Council's decision. (Doc. 15 at 28-29). The brief then block quotes, summarizes, or simply provides citations to, cases in which various federal courts have remanded for consideration of additional evidence. (Doc. 15 at 29-32). The brief does not provide any substantive analysis of how the post-decision evidence that Ms. Turley submitted to the Appeals Council is new, material, and chronologically relevant evidence. (*See id.*). This sort of perfunctory argument gives neither the

Commissioner nor the court any guidance about Ms. Turley's argument aside from the fact that she asserts the existence of an error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Nor does Ms. Turley's reply brief remedy the deficiencies of her initial brief. (*See* Doc. 18 at 4-8).

Because Ms. Turley's briefs do not present adequate argument on this issue, the court will not address it.

### C. *The ALJ's RFC Determination Complies with SSR 96-8p*

The RFC describes the types of work that a claimant may perform despite limitations caused by her impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (citing 20 C.F.R. § 404.1545(a)). The ALJ determined that Ms. Turley can perform a range of light work with a number of postural, exertional, and environmental limitations. (R. 33).

Ms. Turley argues that the ALJ's RFC determination is not supported by substantial evidence because the RFC is conclusory and does not comply with SSR 96-8p. (Doc. 15, pp. 32-34). The court disagrees.

SSR 96-8p states that:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.
>
> . . .
>
> The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.
>
> . . .
>
> The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted).

In addition to medical and objective evidence, the ALJ considered formal medical opinions, Ms. Turley's treatment history, and her testimony about her alleged limitations. (R. 33-35). The ALJ's decision sufficiently demonstrates that she considered all of the relevant evidence in arriving at her RFC determination. *See Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011)

("Following [SSR 96-8p's] rubric, the ALJ fully discussed and evaluated the medical evidence, [the claimant's] testimony, and the effect each impairment has on [the claimant's] daily activities."); *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007) ("[T]he ALJ complied with SSR 96-8p by considering [the claimant's] functional limitations and restrictions and, only after he found none, proceeding to express her residual functional limitations in terms of exertional levels.").

Ms. Turley suggests that the ALJ's RFC determination is not supported by substantial evidence because the ALJ was required to rely on a physical capacities assessment from a treating or examining physician. (*See* Doc. 15 at 33-34, citing *Thomason v. Barnhart*, 34 F. Supp. 2d 1326 (N.D. Ala. 2004) and *Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003)). Ms. Turley's argument is not persuasive. The RFC determination is an issue reserved to the Commissioner, and although an ALJ will consider medical source opinions in reaching that determination, an ALJ is not required to base her RFC finding on the opinion of a physician. *See* 20 C.F.R. §§ 404.1527(d)(2); 404.927(d)(2); *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (substantial evidence supported ALJ's RFC determination even though ALJ rejected treating physician's opinion, and the record contained no other physical capacities assessment).

14

Finally, Ms. Turley submits that this case is similar to *Walker v. Bowen*, 826 F.2d 941 (11th Cir. 1987), a case in which the Eleventh Circuit found that substantial evidence did not support the Commissioner's finding that a claimant could perform light work. (Doc. 15 at 33). Ms. Turley offers no substantive argument regarding why the facts of this case are analogous to *Walker*. (Doc. 15 at 34). And contrary to Ms. Turley's argument (*see* Doc. 15 at 34), the ALJ's RFC findings are not mere conclusions without analysis. *See supra* pp. 12-13; *see also* R. 33-35.

## V. CONCLUSION

For the reasons explained above, the court concludes that the Commissioner's decision is supported by substantial evidence, and the Commissioner applied proper legal standards in reaching the determination. Therefore, the court **WILL AFFIRM** the Commissioner's final decision. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 3, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE